ORME, Judge
(concurring in part and dissenting in part):
¶71 I concur in the court’s opinion except for its treatment of parking. Under the cir-. cumstances, the Judds’ right to park on the Driveway was not akin to a possessory or ownership interest in land. It was, instead, a transitory, occasional intrusion. At least that is what the evidence established, and to the extent the trial court gave the Judds a more expanded parking right than was warranted by their historical usage — i.e.,' the right to park on the Driveway so long as it did not impede the Bowens’ use of the Driveway and to move any obstructing vehicles upon the Bowens’ request — the court must amend its decree accordingly..
¶72 By the same token, in my view the trial court should revisit its subsequent decree and scale back its ’ directives to the Bowens so that the decree requires only the least intrusive restrictions necessary to preserve the limited parking right enjoyed over the decades by the Judds. This- surely will not include the mandate to return the Bow-ens’ decorative walkway to its prior condition as a parking spot reserved for the Bowens’ use, but it may well include limited directions vis-a-vis foliage and the rock wall if those effectively deprive the Judds of their historical ability to park on thé Driveway in such a way as to minimize the Bowens’ need to ask them to move.